E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KRISTIN N. SPENCER (Cal. Bar No. 294692)
Assistant United States Attorney
Santa Ana Branch Office
    8000 United States Courthouse
    411 West Fourth Street
    Santa Ana, California 92701
    Telephone: (714) 338-3531
    Facsimile: (714) 338-3708
    E-mail:    kristin.spencer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>        v.<br><br>JASON AMIN SOHEILI,<br><br>      Defendant. | No. SA CR 21-00105-JLS<br><br>PLEA AGREEMENT FOR DEFENDANT<br>JASON AMIN SOHEILI |

1.    This constitutes the plea agreement between JASON AMIN SOHEILI ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

RULE 11(c)(1)(C) AGREEMENT

2.    Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement

by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 22 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement.  Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 24 and 25 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

<u>DEFENDANT'S OBLIGATIONS</u>

3.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a two-count superseding information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with two counts of distribution of fentanyl resulting in death, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 18 of this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.    Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

i.    Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

3

1          j.     Authorize the USAO to obtain a credit report upon

2  returning a signed copy of this plea agreement.

3          k.     Consent to the USAO inspecting and copying all of

4  defendant's financial documents and financial information held by the

5  United States Probation and Pretrial Services Office.

6  THE USAO'S OBLIGATIONS

7     4.    The USAO agrees to:

8          a.     Not contest facts agreed to in this agreement.

9          b.     Abide by all agreements regarding sentencing contained

10  in this agreement and affirmatively recommend to the Court that it

11  impose sentence in accordance with paragraph 18 of this agreement.

12          c.     At the time of sentencing, move to dismiss the

13  underlying indictment as against defendant.  Defendant agrees,

14  however, that at the time of sentencing the Court may consider any

15  dismissed charges in determining the applicable Sentencing Guidelines

16  range, the propriety and extent of any departure from that range, and

17  the sentence to be imposed.

18  NATURE OF THE OFFENSE

19     5.    Defendant understands that for defendant to be guilty of

20  the crimes charged in counts one and two of the First Superseding

21  Information, that is, distribution of fentanyl resulting in death, in

22  violation of Title 21, United States Code, Sections 841(a)(1),

23  (b)(1)(C), the following must be true: (1) defendant knowingly

24  distributed fentanyl; and (2) defendant knew that the substance he

25  distributed was fentanyl or some other federally controlled

26  substance.

27     6.    Defendant understands that for defendant to be subject to

28  the statutory maximum and statutory minimum sentence set forth below,

4

the government must prove beyond a reasonable doubt that death or serious bodily injury resulted from the use of the fentanyl distributed by defendant.  Defendant admits that defendant, in fact, distributed fentanyl, the use of which resulted in death, as charged in counts one and two of the First Superseding Information.

<u>PENALTIES</u>

7.   Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 21, United States Code, Sections 841(a)(1),(b)(1)(C) resulting in death is: life imprisonment; a lifetime period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a lifetime period of supervised release; a fine of $2,000,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

9.   Defendant understands that, because defendant admits that the use of the fentanyl he distributed resulted in death, the statutory mandatory minimum sentence that the Court must impose for each violation of Title 21, United States Code, Section 841(a), (b)(1)(C) resulting in death is: 20 years' imprisonment, followed by a three-year period of supervised release, and a mandatory special assessment of $100.

10.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs

funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

11.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

12.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

13.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported

from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

14.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 16 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Between January 30, 2021 and February 13, 2021, defendant exchanged text messages with victim J.N. regarding the shipment of fentanyl pills by defendant, who was located in Orange County, California, to J.N., who was located in Utah.  J.N. instructed defendant to address the package containing the pills to "Ryan

Carter," an alias, at an address in Fillmore, Utah.  On or about February 15, 2021, in Orange County, defendant deposited in the U.S. mail a parcel containing at least two "M30" pills, which were counterfeit oxycodone pills containing fentanyl.  Per J.N.'s instructions, the parcel was addressed to "Ryan Carter" at the address in Fillmore, Utah.  Defendant knew that the pills contained fentanyl or some other controlled substance.  The parcel was delivered on February 18, 2021.

On or about February 21, 2021, after ingesting at least one of the pills sent by defendant, J.N. died of fentanyl toxicity.  But for J.N.'s ingestion of the fentanyl in the pills distributed by defendant, J.N. would not have died.

On or about April 1, 2021, in Orange County, California, defendant exchanged text messages with victim J.M. regarding the purchase of cocaine and alprazolam (which is commonly referred to by its brand name, Xanax) from defendant by J.M.  That evening, defendant and J.M. met at a 7-11 store in Laguna Hills, California to conduct the transaction.

Sometime after meeting at the 7-11 store, J.M. accompanied defendant to defendant's home in Laguna Hills, California, where defendant supplied J.M. with additional drugs.

At some point in the late evening on April 1, 2021, J.M. ingested drugs that defendant had given him that day, that is, a mixture or substance containing cocaine and fentanyl.  J.M. also ingested alprazolam, which had also been provided to him by defendant.  J.M. died on April 2, 2021 from an acute fentanyl, alprazolam, and cocaine intoxication.  But for J.M.'s ingestion of the fentanyl distributed by defendant, J.M. would not have died.

1             SENTENCING FACTORS AND AGREED-UPON SENTENCE

2        15.  Defendant understands that in determining defendant's

3   sentence the Court is required to calculate the applicable Sentencing

4   Guidelines range and to consider that range, possible departures

5   under the Sentencing Guidelines, and the other sentencing factors set

6   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

7   Sentencing Guidelines are advisory only.

8        16.  Defendant and the USAO agree to the following applicable

9   Sentencing Guidelines factors:

10       Base Offense Level:              38      [U.S.S.G. § 2D1.1(a)(2)]

11       Acceptance of Responsibility:    -3      [U.S.S.G. § 3E1.1(a)-
                                                                    (b)]
12
13       Total Offense Level:             35
         Criminal History Category:       III
14
15       Guideline Range:                 210-262 months' imprisonment[1]
                                          $40,000-$400,000 fine
16

17       17.  The parties agree not to argue that any other specific

18   offense characteristics, adjustments, or departures be imposed.

19       18.  Defendant and the USAO agree that, taking into account the

20   factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant

21   sentencing guideline factors set forth above, an appropriate

22   disposition of this case is that the Court impose a sentence of: a

23   term of  imprisonment of no less than 240 months and no more than 262

24   months on each count, with both terms running concurrently; 10 years'

25

26       [1] While the ordinary guideline range corresponding to a total
    offense level of 35 and a criminal history category of III is 210-262
27   months, because the charges to which defendant is pleading guilty
    carry a statutory mandatory minimum sentence of 20 years'
28   imprisonment, the Court may not impose a prison term of less than 240
    months.

                                       9

1  supervised release with conditions to be fixed by the Court; and a

2  $200 special assessment.  The parties also agree that no prior

3  imprisonment (other than credits that the Bureau of Prisons may allow

4  under 18 U.S.C. § 3585(b)) may be credited against this stipulated

5  sentence, including credit under Sentencing Guideline § 5G1.3.

6                    <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

7       19.  Defendant understands that by pleading guilty, defendant

8  gives up the following rights:

9            a.   The right to persist in a plea of not guilty.

10           b.   The right to a speedy and public trial by jury.

11           c.   The right to be represented by counsel – and if

12  necessary have the Court appoint counsel -- at trial.  Defendant

13  understands, however, that, defendant retains the right to be

14  represented by counsel – and if necessary have the Court appoint

15  counsel – at every other stage of the proceeding.

16           d.   The right to be presumed innocent and to have the

17  burden of proof placed on the government to prove defendant guilty

18  beyond a reasonable doubt.

19           e.   The right to confront and cross-examine witnesses

20  against defendant.

21           f.   The right to testify and to present evidence in

22  opposition to the charges, including the right to compel the

23  attendance of witnesses to testify.

24           g.   The right not to be compelled to testify, and, if

25  defendant chose not to testify or present evidence, to have that

26  choice not be used against defendant.

27

28

                                   10

1          h.    Any and all rights to pursue any affirmative defenses,

2    Fourth Amendment or Fifth Amendment claims, and other pretrial

3    motions that have been filed or could be filed.

4                     WAIVER OF APPEAL OF CONVICTION

5          20.  Defendant understands that, with the exception of an appeal

6    based on a claim that defendant's guilty pleas were involuntary, by

7    pleading guilty defendant is waiving and giving up any right to

8    appeal defendant's conviction on the offenses to which defendant is

9    pleading guilty.  Defendant understands that this waiver includes,

10   but is not limited to, arguments that the statute to which defendant

11   is pleading guilty is unconstitutional, and any and all claims that

12   the statement of facts provided herein is insufficient to support

13   defendant's pleas of guilty.

14             LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

15         21.  Defendant agrees that, provided the Court imposes the

16   sentence specified in paragraph 18 above, defendant gives up the

17   right to appeal any portion of that sentence, and the procedures and

18   calculations used to determine and impose any portion of that

19   sentence.

20         22.  The USAO agrees that, provided the Court imposes the

21   sentence specified in paragraph 18 above, the USAO gives up its right

22   to appeal any portion of that sentence, and the procedures and

23   calculations used to determine and impose any portion of that

24   sentence.

25                RESULT OF WITHDRAWAL OF GUILTY PLEA

26         23.  Defendant agrees that if, after entering a guilty plea

27   pursuant to this agreement, defendant seeks to withdraw and succeeds

28   in withdrawing defendant's guilty plea on any basis other than a

claim and finding that entry into this plea agreement was
involuntary, then (a) the USAO will be relieved of all of its
obligations under this agreement; and (b) should the USAO choose to
pursue any charge that was either dismissed or not filed as a result
of this agreement, then (i) any applicable statute of limitations
will be tolled between the date of defendant's signing of this
agreement and the filing commencing any such action; and
(ii) defendant waives and gives up all defenses based on the statute
of limitations, any claim of pre-indictment delay, or any speedy
trial claim with respect to any such action, except to the extent
that such defenses existed as of the date of defendant's signing this
agreement.

## EFFECTIVE DATE OF AGREEMENT

24.  This agreement is effective upon signature and execution of
all required certifications by defendant, defendant's counsel, and an
Assistant United States Attorney.

## BREACH OF AGREEMENT

25.  Defendant agrees that if defendant, at any time after the
signature of this agreement and execution of all required
certifications by defendant, defendant's counsel, and an Assistant
United States Attorney, knowingly violates or fails to perform any of
defendant's obligations under this agreement ("a breach"), the USAO
may declare this agreement breached.  All of defendant's obligations
are material, a single breach of this agreement is sufficient for the
USAO to declare a breach, and defendant shall not be deemed to have
cured a breach without the express agreement of the USAO in writing.
If the USAO declares this agreement breached, and the Court finds
such a breach to have occurred, then: (a) if defendant has previously

12

entered guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

26.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

1    evidence derived from the statements should be suppressed or are

2    inadmissible.

3            COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

4                             OFFICE NOT PARTIES

5        27.  Defendant understands that the Court and the United States

6    Probation and Pretrial Services Office are not parties to this

7    agreement and need not accept any of the USAO's sentencing

8    recommendations or the parties' agreements to facts, sentencing

9    factors, or sentencing.  Defendant understands that the Court will

10   determine the facts, sentencing factors, and other considerations

11   relevant to sentencing and will decide for itself whether to accept

12   and agree to be bound by this agreement.

13       28.  Defendant understands that both defendant and the USAO are

14   free to: (a) supplement the facts by supplying relevant information

15   to the United States Probation and Pretrial Services Office and the

16   Court, (b) correct any and all factual misstatements relating to the

17   Court's Sentencing Guidelines calculations and determination of

18   sentence, and (c) argue on appeal and collateral review that the

19   Court's Sentencing Guidelines calculations and the sentence it

20   chooses to impose are not error, although each party agrees to

21   maintain its view that the calculations and sentence referenced in

22   paragraphs 16 and 18 are consistent with the facts of this case.

23   While this paragraph permits both the USAO and defendant to submit

24   full and complete factual information to the United States Probation

25   and Pretrial Services Office and the Court, even if that factual

26   information may be viewed as inconsistent with the facts agreed to in

27   this agreement, this paragraph does not affect defendant's and the

28

                                    14

USAO's obligations not to contest the facts agreed to in this agreement.

NO ADDITIONAL AGREEMENTS

29.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
of relevant Sentencing Guidelines provisions, and of the consequences
of entering into this agreement.  No promises, inducements, or
representations of any kind have been made to me other than those
contained in this agreement.  No one has threatened or forced me in
any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charges and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____          10/14/22
JASON AMIN SOHEILI                         _____
Defendant                                  Date


### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JASON AMIN SOHEILI's attorney.  I have carefully and
thoroughly discussed every part of this agreement with my client.
Further, I have fully advised my client of his rights, of possible
pretrial motions that might be filed, of possible defenses that might
be asserted either prior to or at trial, of the sentencing factors
set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set

17

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney


_____                    12/7/2022
KRISTIN N. SPENCER                                _____
Assistant United States Attorney                  Date


_____                    10/14/22
JASON AMIN SOHEILI                                _____
Defendant                                         Date


_____                    10-14-22
ROBERT HELFEND                                    _____
Attorney for Defendant JASON AMIN                 Date
SOHEILI


## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.    I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or

1  forth in this agreement is sufficient to support my client's entry of

2  guilty pleas pursuant to this agreement.

3

4  ROBERT HELFEND                                          Date
   Attorney for Defendant JASON AMIN

5  SOHEILI

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28