E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KRISTIN N. SPENCER (Cal. Bar No. 294692)
Assistant United States Attorney
    U.S. ATTORNEY'S OFFICE
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3531
    Facsimile: (714) 338-3561
    E-mail:    kristin.spencer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 21-105(A)-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION AS TO DEFENDANT JASON AMIN SOHEILI |
| v. | |
| JASON AMIN SOHEILI, | Hearing Date: May 5, 2023 |
| Defendant. | Hearing Time: 9:30 a.m. |
| | Location: Courtroom of the Hon. Josephine L. Staton |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kristin N. Spencer, hereby files its sentencing position as to JASON AMIN SOHEILI.

The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report ("PSR"), the attached exhibits,

and any other evidence or argument that the Court may wish to consider at the time of sentencing.

| | |
|---|---|
| Dated: April 21, 2023 | Respectfully submitted, |
| | E. MARTIN ESTRADA<br>United States Attorney |
| | MACK E. JENKINS<br>Assistant United States Attorney<br>Chief, Criminal Division |
| | _____/s/_____<br>Kristin N. Spencer<br>Assistant United States Attorney |
| | Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

On December 7, 2022, defendant Jason Amin Soheili pleaded guilty to a superseding information charging him with two counts of distribution of fentanyl resulting in death, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Defendant's plea was pursuant to a binding plea agreement in which the parties agreed to a sentence between 240 and 262 months imprisonment.

On February 17, 2023, the United States Probation Office ("USPO") filed its Presentence Report ("PSR") (Dkt. 47).  In the PSR, the USPO found that defendant's combined adjusted offense level was 35 based on a base offense level of 38, with a three-level reduction for acceptance of responsibility.  (PSR ¶¶ 24-33.)  The USPO further found that defendant was in criminal history category of IV based on a total criminal history score of 8.  (PSR ¶¶ 35-43.)  Based on those calculations, the USPO calculated a guideline range of 235 to 293 months.  (PSR ¶ 100.)  The USPO recommended a sentence of 240 months' imprisonment.  (Dkt. 46).

The government agrees with the USPO's calculation of the total applicable offense, which is consistent with the offense level calculated by the parties in the plea agreement.  However, in the plea agreement, the parties agreed to a criminal history category of III.  Based on a criminal history category of III, the resulting guidelines range is 210-262 months, with a mandatory minimum sentence of 240 months. (See Plea Agreement, Dkt. 44, ¶ 16.)  The government

recommends that defendant be sentenced to a high-end term of 262 months imprisonment, followed by ten years of supervised release.[1]

## II. FACTUAL BACKGROUND

Defendant is responsible for distributing the fentanyl that caused the deaths of two different victims within fewer than six weeks of each other in early 2021.  In and around February 2021, defendant and victim J.N. arranged for defendant to ship fentanyl pills from Orange County to victim J.N. in Utah.  Defendant mailed the fentanyl pills through the U.S. mail. On or about February February 21, 2021, victim J.N. ingested at least one of the pills sent to him by defendant and, as a result, died of fentanyl toxicity.

On or about April 1, 2021, defendant and victim J.M. arranged for victim J.M. to purchase cocaine and prescription Xanax from defendant in Laguna Hills, California.  After meeting up at a 7-11 store in Laguna Hills, defendant and victim J.M. went together to defendant's home, where defendant supplied victim J.M. with additional drugs.  At some point, victim J.M. ingested a mixture of cocaine and fentanyl, as well as alprazolam, all of which had been provided to him by defendant.  As a result of ingesting the drugs provided to him by defendant, victim J.M. died from acute fentanyl, alprazolam, and cocaine intoxication.  (See Plea Agreement, Dkt. 44, ¶ 14.)

## III. THE GOVERNMENT'S POSITION –- A SENTENCE OF 262 MONTHS IMPRISONMENT IS REASONABLE AND APPROPRIATE PURSUANT TO THE 3553(A) FACTORS

The government requests that the Court adopt the PSR's factual findings and conclusions regarding the applicability of U.S.S.G.

---

[1] The government further recommends that the Court, at sentencing, incorporate by reference and impose the standard conditions of supervised release enumerated in General Order 20-04.

§§ 3B1.2(b), 3E1.1(a) and 3E1.1(b).  Consistent with its obligations under the plea agreement, the government recommends a sentence of 262 months' imprisonment followed by ten years of supervised release.

The government believes that the factors set forth in 18 U.S.C. § 3553(a) would be satisfied by a sentence at the high end of the guidelines range and that such a sentence would be "sufficient, but not greater than necessary" to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2), discussed further below.  18 U.S.C. § 3553(a).

The nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence, and the need to protect the public all support a sentence at the high end of the guidelines range.

**A.   The Nature and Circumstances of the Offense**

The nature and circumstances of the offense in this case support a sentence at the high end of the guidelines.  Defendant has admitted to knowingly distributing fentanyl and fentanyl-laced substances to two separate victims, on two separate occasions, resulting in those victims' deaths within just weeks of one another.  But unlike some crimes involving multiple victims, the involvement of more than one victim does not increase the guideline offense level in drug offenses.  Because the guideline range for drug-related overdoses is calculated using U.S.S.G. § 2D1.1, the two counts are grouped together into a single unit for purposes of calculating the combined offense level. See U.S.S.G. §3D1.2(d).  As a result, there is no increase in the guideline offense level to account for multiple victims.  See U.S.S.G. § 3D1.4 (providing no increase in offense level where multiple counts comprise a single unit).

In the commentary to section 3D1.1, the Sentencing Commission noted that the grouping approach "could produce adjustments for the additional counts that are inadequate or excessive." Where the adjustment is inadequate, the Sentencing Commission noted that "the court will have latitude to impose added punishment by sentencing toward the upper end of the range[.]"[2] A sentence of 262 months, which is still within the guideline range, accounts for the additional harm by imposing an incremental sentence of 22 months beyond the statutory mandatory minimum sentence of twenty years.

### B. The Need for The Sentence to Reflect the Seriousness of the Offense, Afford Adequate Deterrence, and Protect the Public

Fentanyl is a synthetic opioid that is up to 50 times stronger than heroin and 100 times stronger than morphine.[3] According to the CDC, over 150 people die every day from overdoses related to synthetic opioids like fentanyl, and more than 80 percent of overdose deaths are linked to opioids.[4] And opioid-related deaths have risen substantially over the past decade: the number of opioid overdose-

---

[2] As an example, the Sentencing Commission noted that an adjustment might be inadequate where "the most serious offense is considerably more serious than all the others[.]" The government does not believe that this example was intended to be limiting, but rather was intended to be an illustration of the general principle that Chapter Three adjustments to the guideline calculation might not always account for all of the defendant's conduct.

[3] Centers for Disease Control ("CDC"), Stop Overdose: Fentanyl Facts, available at https://www.cdc.gov/stopoverdose/fentanyl/index.html (accessed April 21, 2023).

[4] Id.; CDC, Overdose Deaths and the Involvement of Illicit Drugs, available at https://www.cdc.gov/drugoverdose/featured-topics/VS-overdose-deaths-illicit-drugs.html (accessed April 21, 2023).

4

related deaths in 2020 was eighteen times the number in 2013.[5] Fentanyl is commonly mixed with other drugs, including cocaine, and it is "nearly impossible to tell if drugs have been laced with fentanyl" unless the drugs are tested with fentanyl test strips.[6] Holding fentanyl distributors like defendant accountable for their role is a critical element to combatting the opioid epidemic.

### C. Defendant's History and Characteristics

The government recognizes that defendant, like many drug distributors, is an addict himself, and agrees with the USPO that the defendant should be evaluated for participation in the RDAP program. (PSR ¶¶ 74-87). But addiction does not excuse criminal behavior, particularly where that behavior results in the loss of life. Accordingly, the government disagrees that the defendant's history and characteristics support a more lenient sentence.[7]

## IV. CONCLUSION

For the reasons stated above, the government respectfully requests that the Court impose a sentence of 262 months imprisonment, followed by a ten-year period of supervision.

---

[5] CDC, Opioid Basics: Fentanyl, available at https://www.cdc.gov/opioids/basics/fentanyl.html (accessed April 21, 2023).

[6] CDC, Stop Overdose: Fentanyl Facts, supra note 2.

[7] In its Recommendation Letter, the USPO indicated that the recommended sentence of 240 months is a variance from the advisory range, and the PSR cited defendant's substance abuse history as a factor that might support a variance. (Dkts. 46, 47 ¶ 117). The government notes that the USPO's recommended sentence of 240 months is within the guideline range, either as calculated by the USPO or by the parties. In any event, the government disagrees that the defendant's history supports a more lenient sentence of any kind.